UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LIONEL D. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:04-CV-517 PS |
| ) | |
| OFFICER HINCH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Lionel Robinson, a prisoner committed to the Indiana Department of Correction filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was a pretrial detainee at the Lake County Jail. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks

and ellipsis omitted).

Mr. Robinson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Robinson alleges that Custody Officer Hinch allowed another inmate to attack him by opening the inmate's cell door and allowing "the offender to physically attack me. Officer Hinch provoked and encouraged the attack and did nothing to cease or prevent it. " (Complaint at p. 3). The attack continued until another officer came on the range.

The Eighth Amendment protects convicted prisoners from cruel and unusual punishments; the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). But "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825 at 834; *Wilson v. Seiter*, 501 U.S. 294 (1991). Prisons and jails "are dangerous places. Housing the most aggressive among us, they place violent people in close

quarters." *McGill v. Duckworth*, 944 F.2d 345, 349 (7th Cir. 1991).  Jail  "officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. at 833, *quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)."

Deliberate indifference in such circumstances is defined as "criminal recklessness," *Farmer v. Brennan*, 511 U.S. at 839-840. Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d at 347. The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1986).

Fed. R. Civ. P. 8 establishes a system of notice pleading, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, (1984). Giving Mr. Robinson the benefit of the inferences to which he is entitled at the screening stage, the court cannot say that he can prove no set of set of facts consistent with his failure to protect claim against Officer Hinch under the standards set forth in *Farmer v. Brennan*.

Mr. Robinson alleges that Officer Hinch allowed him to be attacked in retaliation for his having complained to Officer Hinch's superiors about an earlier problem he had with Officer Hinch. To establish a retaliation claim, Mr. Robinson must establish that he engaged in a constitutionally protected activity and that engaging in that activity was a substantial or

3

motivating fact in the defendant's actions against him. *Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977); *Brookings v. Kolb*, 990 F.2d 308, 315 (7th Cir. 1993).

Retaliation against a prisoner for filing a grievance or complaining about treatment by officials states a claim upon which relief can be granted. *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989); *Dixon v. Brown*, 38 F.2d 379 (8th Cir. 1994). To state a claim for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred. *Geder v. Godinez*, 875 F.Supp. 1334, 1338 (N.D.Ill. 1995). Giving Mr. Robinson the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his retaliation claim against Officer Hinch.

Mr. Robinson also alleges that after the assault, Officer Hinch refused to call a nurse to treat him. Sergeant Welsh, however, did summon medical assistance. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail in a medical care case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment . . .."). Because Sgt. Welch summoned a nurse who treated Mr. Robinson, he cannot show injury from Officer Hinch's initial refusal to call a nurse.

Mr. Robinson alleges that Deputy Warden Ivitech and Sgt. Welsh were aware that Mr. Robinson had filed complaints against Officer Hinch, "yet they did nothing to keep him separated from me." (Complaint at p. 3). Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for

4

an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000);  *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971).

Deputy Warden Ivitech and Sgt. Welch were not present when Mr. Robinson was attacked by another inmate, and had no direct personal involvement in that incident. That they may have not kept Officer Hinch  from having contact with Mr. Robinson does not violate the Fourteenth Amendment's due process clause. "Supervisors who [ . . . merely fail] to detect and prevent subordinates' misconduct are not liable . . .. [S]upervisors must know about the conduct and facilitate it, condone it, or turn a blind eye for fear of what they might see. The must in other words act either knowingly or with deliberate reckless indifference." *Chavez v. Illinois State Police,* 251 F.3d 612, 651 (7th Cir. 2001).

Finally, Mr. Robinson alleges that the defendants violated the Fourteenth Amendment's due process clause by preventing him from filing a grievance concerning the failure to protect him from being attacked. The First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy, *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982), and the Constitution does not require a prison grievance system. *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986). Moreover, the Fourteenth Amendment does not protect State-created inmate grievance procedures, and alleged violations of these grievance procedures do not state a claim under § 1983. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988); *Azeez v. DeRobertis*, 568 F.Supp. at 8.

The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to provide that prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Jail officials could attempt to prevent inmates from ever filing civil actions in federal court by frustrating their attempts to file grievances. But if jail officials prevented Mr. Robinson from filing a grievance

5

"thereby precluding him from exhausting his administrative remedies, the defendants cannot rely on § 1997e(a) to obtain the dismissal of this complaint." *Wilson v. VanNatta,* 291 F.Supp.2d 811, 820 (N.D.Ind. 2003).

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendant Hinch in his individual capacity for damages on his Fourteenth Amendment claim that defendant Hinch was deliberately indifferent to his security needs by allowing another inmate to attack him and on his retaliation claim against defendant Hinch;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES defendants Welsh and Ivitech, and DISMISSES all claims except the plaintiff's Fourteenth Amendment claim that defendant Hinch was deliberately indifferent to his security needs by allowing another inmate to attack him and his retaliation claim against defendant Hinch;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendant Hinch respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendant Hinch, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

**SO ORDERED.**

ENTERED: April 14, 2005

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT