```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


LIONEL ROBINSON,                  )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   Case No.  2:04 CV 517
                                  )
OFFICER HINCH, et al.,            )
                                  )
            Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Ruling filed by the plaintiff, Lionel Robinson, on November 10, 2005. For the reasons set forth below, this motion is **GRANTED**.

Background

The only claim remaining in this case is the "Fourteenth Amendment claim that defendant Hinch was deliberately indifferent to his security needs by allowing another inmate to attack him and . . . his retaliation claim against defendant Hinch," which states that Hinch allowed the plaintiff to be attacked in retaliation for having complained about an earlier problem the plaintiff had with the officer. *See* April 14, 2005 Order, pg. 6.

On July 14, 2005, the court issued a scheduling order in which the defendant was ordered to provide his complete file to the plaintiff. On August 22, 2005, the plaintiff filed a motion to compel the production of documents and a witness list, which this court granted on September 29, 2005. In that Opinion, the court ordered the defendant to provide all the requested documents by October 6, 2005, and directed the defendant to comply with the remainder of the court's previous scheduling order.

When the defendant only responded with its own witness and exhibit list and did not provide the plaintiff with the documents twice ordered produced by this court, the plaintiff filed a second motion to compel. On October 31, 2005, the court granted this motion and ordered the defendant to produce the documents within 10 days and file notice of service with the court.  Once again, the defendant failed to do either.

On November 15, 2005, the plaintiff filed the instant motion for judgment in his favor, stating that he has been unable to prepare for trial on November 22, 2005 because the defendant has failed to produce any documents ordered produced three times by this court.

## Discussion

Federal Rule of Civil Procedure 37(b) states that if a party fails to obey an order to provide or permit discovery, the court may "make such orders in regard to the failure as are just," including striking all of a party's pleadings.  *See* Rule 37(b)(2)(C).  *See also* **Roadway Express, Inc. v. Piper**, 447 U.S. 752, 763-64, 100 S. Ct. 2455, 2462-63, 65 L. Ed.2d 488 (1980). The trial court has broad discretion in using Rule 37 sanctions "to penalize balky litigants and to deter others who might otherwise ignore discovery orders." *See* **Compuware Corporation v. Health Care Service Corporation**, No. 01 C 0873, 2002 WL 485710, at *6 (N.D. Ill. April 1, 2002) (*quoting* **Philips Medical Systems International v. Bruetman**, 982 F.2d 211, 214 (7th Cir. 1992)). *See also* **David v. Caterpillar Inc.**, 324 F.3d 851, 857 (7th Cir.

2

2003).  If the court imposes a sanction, "the sanction selected must be one that a reasonable jurist, apprised of the circumstances, would have chosen as proportionate to the infraction." *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998).  However, when lesser sanctions have not deterred a party's bad conduct, a court may order all pleadings stricken under Rule 37(b)(2)(C).  *See, e.g.*, **Compuware**, 2002 WL 485710, at * 6.

The plaintiff has been trying to conduct discovery in this Fast Track case since July 14, 2005.  The court has ordered the defendant to produce the documents requested by the plaintiff not once, but *three* times. Despite these directives, the defendant consistently has failed to produce the information requested or even to respond to any of the plaintiff's motions to compel.  Now, on the eve of trial, the plaintiff states that he is unable to present his case because he has not received all of the items requested.

The defendant has had ample opportunities to remedy the discovery defects in this case.  Because he has failed to do so, the court strikes all of the defendant's pleadings pursuant to Rule 37(b). The court hereby **CONVERTS** the November 22, 2005 trial setting into a hearing on damages.  Only the plaintiff and counsel for the defendant need appear at that hearing.

ENTERED this 17th day of November, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge